*Power v. San Juan County, et al.*
USDC Western District of Washington at Seattle
**VERIFICATION OF STATE COURT RECORDS**

# ATTACHMENT 2

COUNTY CLERK OFFICE
FILED

MAY 21 2018

LISA A. HENDERSON
SAN JUAN COUNTY, WASHINGTON

RECEIVED

MAY 21 2018

Kim Sable
11:02 AM

IN THE SUPERIOR COURT OF WASHINGTON
FOR THE COUNTY OF SAN JUAN

NICHOLAS POWER,

          Plaintiff,

v.

SAN JUAN COUNTY (a municipal subdivision of the State of Washington),

          Defendant.

No. **18 2 0507528**

**COMPLAINT PURSUANT TO 42 U.S.C 1983 AND MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUCTION PURSUANT TO CR 65**

COMES NOW, NICHOLAS POWER, a duly licensed attorney in the State of Washington and makes the following allegations and prayer for relief.

## I. PARTIES

1. Plaintiff, Nicholas Power, is a licensed attorney and current candidate for office of San Juan County Prosecuting Attorney.

VERIFIED COMPLAINT and
MOTION FOR TEMPORARY RESTRAINING
ORDER and PERMANENT INJUNCTION

1    THE LAW OFFICE OF NICHOLAS POWER
540 Guard St., Suite 150
Friday Harbor, WA 98250
360.298.0464

2. Defendant, San Juan County, is a municipal subdivision of the State of Washington.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant 42 U.S.C. § 1983 and by the Uniform Declaratory Judgment Act RCW 7.24 et. seq.

4. Venue is appropriate in San Juan County as the statute alleged to be constitutionally infirm was promulgated by San Juan County and Plaintiff is at risk of unconstitutional enforcement of that statute by San Juan County for constitutionally protected speech which, but for the infirm statute, would occur in San Juan County.

## III. FACTS

5. On May 18, 2018 Plaintiff filed to run as a candidate for the office of San Juan County Prosecuting Attorney.

6. That office is currently occupied by San Juan County Prosecutor Randall Gaylord. Mr. Gaylord has likewise filed to run for reelection to that office.

7. As a challenger to a longstanding incumbent, Plaintiff has an acute need to communicate his candidacy to the electorate and political signage is a valuable tool to accomplish that end.

8. Plaintiff wishes to erect political signs including, but not necessarily limited to, those in support of his candidacy.

9. Plaintiff however, is prohibited from doing so by San Juan County Code ("SJCC") 18.40.400(C) which was enacted in 1998 and provides: "Political signs shall be permitted outright; provided, *that they shall not be erected more than 45 days prior to an election* and shall be removed by the candidate or landowner no more than 72

2   THE LAW OFFICE OF NICHOLAS POWER
540 Guard St., Suite 150
VERIFIED COMPLAINT and                    Friday Harbor, WA 98250
MOTION FOR TEMPORARY RESTRAINING           360.298.0464
ORDER and PERMANENT INJUCTION

hours following an election terminating candidacy. Political signs shall not exceed six square feet in area."

10. Because the campaign season is already underway, every day that Plaintiff's speech is chilled because he cannot place a sign because of the threat of enforcement of SJCC 18.40.400, he is unable exercise his fundamental right of free speech. This is causing immediate, irreparable and substantial injury to Plaintiff and no adequate remedy at law is available.

## IV. CAUSES OF ACTION

11. Plaintiff's First Amendment rights under the Constitution of the Untied States are violated by SJCC 18.40.400(c).

12. Plaintiff constitutional rights under Article 1, Section 5 of the Constitution of the State of Washington are violated by SJCC18.40.400(c).

13. SJCC 18.40.400 is not only unconstitutional, it was clearly unconstitutional when it was enacted in 1998.

14. In 1993, Washington Supreme Court unanimously held unconstitutional an operatively identical temporal restriction in the City of Tacoma's Municipal Code ("TMC"). *Collier v. The City of Tacoma*, 121 Wn.2d 737, 854 P.2d 1046 (1993).

15. In *Collier*, TMC 2.05.275 defined and regulated political signs. That ordinance defined political signs as "[a]ll signs which are displayed out-of-doors on real property relating to the nomination or election of any individual for a public political office or advocating any measure to be voted on at any special or general election". Id. at 742.

16. TMC 2.05.275 the posting of such political signs to a period of not more than 60 days prior to and 7 days after the date of the election for which the signs are intended.

17. Specifically, TMC 2.05.275: "Such political signs shall not be displayed more than sixty days prior to and seven days after the date of the election for which intended. In cases where a general election follows within 55 days of a primary election, those signs for candidates whose names will appear on the ballot in the general election may be displayed during the interim period and up to seven days after the general election." Id. at 742-743.

18. The Court found that, "the Tacoma ordinances impermissibly restrict Collier's right to political expression in violation of article 1, section 5 of the Washington Constitution, and the first and fourteenth amendments to the United States Constitution. **We hold unconstitutional those portions of the Tacoma ordinances that impose durational limitations on the preelection posting of political signs.**" Id. at 763. Emphasis Supplied.

19. This ruling comports with analogous federal rulings. See, *City of Ladue v. Gilleo*, 512 U.S. 43 (1994). See also, *George's County, Md.*, 33 F. Supp. 2d 447 (D. Md. 1999) (striking down a virtually identical 45 day limit on political signage).

20. Accordingly SJCC 18.40.400(c) is facially unconstitutional and was facially unconstitutional the day it was enacted almost 20 years ago.

## V. PRAYER FOR RELIEF

1. That this Court find and declare the temporal clause in SJCC 18.40.400(c) is facially unconstitutional under both state and federal constitutions.

2. That this Court immediately enter on an ex parte pursuant to CR 65(b) an order restraining San Juan County from enforcing SJCC 18.40.400(c).

THE LAW OFFICE OF NICHOLAS POWER
540 Guard St., Suite 150
Friday Harbor, WA 98250
360.298.0464

VERIFIED COMPLAINT and
MOTION FOR TEMPORARY RESTRAINING
ORDER and PERMANENT INJUNCTION

3. That such an order will prohibit Defendant from enforcing, or threatening to enforce, or further publishing or continue to publish, state, advise or imply that the time limits of SJCC 18.40.400(c) are legally effective.

4. That this Court enter a permanent injunction enjoining Defendant from enforcing, or threatening to enforce, or further publish or continue to publish, state, advise or imply that the time limits of SJCC 18.40.400(c) are legally effective.

5. For fees and costs incurred by Plaintiff pursuant to 42 U.S.C. § 1988.

6. For fees and costs incurred by Plaintiff pursuant to RCW 4.84.185 and 4.84.250

6. That this Court place on its motion calendar a time to hear argument on the temporary injunction, permanent injunction and the matter of attorney's fees.

6. For all other just, reasonable and equitable remedies.

SIGNED this 21th of May 2018, in Friday Harbor, WA.

THE LAW OFFICE OF NICHOLAS POWER

Nicholas Power, WSBA# 45974
Attorney for Plaintiff
540 Guard St., Suite 150
Friday Harbor, WA 98250
360.298.0464
nickedpower@gmail.com

5   THE LAW OFFICE OF NICHOLAS POWER
    540 Guard St., Suite 150
    Friday Harbor, WA 98250
    360.298.0464

VERIFIED COMPLAINT and
MOTION FOR TEMPORARY RESTRAINING
ORDER and PERMANENT INJUCTION