*Power v. San Juan County, et al.*
USDC Western District of Washington at Seattle
**VERIFICATION OF STATE COURT RECORDS**

# ATTACHMENT 3

COURT CLERK OFFICE
FILED

[date illegible]

LISA A. HENDERSON
SAN JUAN COUNTY, WASHINGTON

IN THE SUPERIOR COURT OF WASHINGTON
FOR THE COUNTY OF SAN JUAN

NICHOLAS POWER,

    Plaintiff,

v.

SAN JUAN COUNTY (a municipal subdivision of the State of Washington),

    Defendant.

No. 18 2 0507528

DECLARATION OF NICHOLAS POWER

Under penalty of perjury I declare the following to be true and correct.

1. I am over 18 years of age and competent to testify. I am attorney licensed to practice in Washington.

2. On May 18, 2018 I filed to run as a candidate for the office of San Juan Prosecuting Attorney. Randall Gaylord, who is currently the San Juan Prosecuting Attorney for the Defendant County, also filed to run for the position. Mr. Gaylord has continuously served in that position since 1995.

DECLARATION OF NICHOLAS POWER      1

THE LAW OFFICE OF NICHOLAS POWER
540 Guard St., Suite 150
Friday Harbor, WA 98250
360.298.0464

3. I live on a main county road with approximately 500 feet of public road frontage.

4. I wish to communicate with potential voters about my candidacy and on topics I feel are germane to the upcoming election. I believe that I can accomplish this through the use of signs in various locations throughout San Juan County including, but not limited to, my property.

5. In addition supporters of mine have also indicated to me that they wish to place signs that are supportive of my candidacy on their property. I have had to inform them that they cannot place signs supporting me because it is prohibited by San Juan County Code 18.40.400 until 45 days prior to an election.

6. San Juan County Code 18.40.400(C), which was enacted in 1998, while my opponent was prosecuting attorney for the County and presumably advising the San Juan County Council on the legality of its intended legislation, provides: "Political signs shall be permitted outright; provided, *that they shall not be erected more than 45 days prior to an election* and shall be removed by the candidate or landowner no more than 72 hours following an election terminating candidacy. Political signs shall not exceed six square feet in area."

7. I believe that the bolded portion is facially unconstitutional and is chilling my rights of free speech guaranteed under the First Amendment to the Untied States Constitution and under Article 1. Section 5 of the Washington State Constitution.

8. I believe that this statute is intended to work to advantage incumbents and disadvantage challengers.

THE LAW OFFICE OF NICHOLAS POWER
540 Guard St., Suite 150
Friday Harbor, WA 98250
360.298.0464

DECLARATION OF NICHOLAS POWER

9. In *Collier v. Tacoma*, 121 Wn.2d 737 (1993), the state supreme court ruled that it is not constitutional to limit the time in advance of an election that political signs can be posted in the places where political signs are allowed.

10. Likewise, federal courts have specifically found similar municipal ordinances to be unconstitutional. See, *City of Ladue v. Gallio*, 512 U.S. 43 (1994) and *Curry v. Prince George's County, Md.*, 33 F. Supp. 2d 447 (D. Md. 1999) which struck down an identical 45 day limit time period as unconstitutional.

11. I am therefore requesting that this Court issue an order enjoining the enforcement of the temporal restriction embodied in SJCC 18.40.400 as unconstitutional and likewise enjoin the enforcement of that provision.

12. I also think that the restriction of political signs to six square feet in size in SJC 18.40.400 is likewise unconstitutional – but that is not the subject of my current complaint.

13. I believe that the San Juan County Prosecutor's Office is conflicted pursuant to RPC 1.7 because Mr. Gaylord is running for the same office that I am and as an incumbent would be benefitted by more restrictive signage laws.

14. I have, nevertheless, served copies of all my pleadings in this matter on the SJC Prosecutor's as well as on the Auditor's office. And will alert him via email that I am seeking immediate assistance from the Court.

15. I believe that a special deputy or some other counsel for the Defendant needs to make an appearance on behalf of the Defendant because of this conflict.

DECLARATION OF NICHOLAS POWER

3

THE LAW OFFICE OF NICHOLAS POWER
540 Guard St., Suite 150
Friday Harbor, WA 98250
360.298.0464

16. While I have no idea how long it will take San Juan County to obtain appropriate counsel, I have made a similar attempt at disqualification in another non-related matter that was met with little urgency by the Prosecutor's office.

17. Since the campaign is ongoing, every day I have to wait to place signage is a day that is forever lost with communicating with voters. I therefore, request that the Court act with all deliberate speed to right this constitutional injustice.

SIGNED this 21th of May 2018, in Friday Harbor, WA.

_____
Nicholas Power