Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

NICHOLAS POWER,

      Plaintiff,

v.

SAN JUAN COUNTY (a municipal subdivision of the State of Washington); and MILENE HENLEY, San Juan County Auditor in her personal capacity; and, JOHN and JANE DOES, 1-99, Unknown San Juan County officials, employees and agents, in their personal capacity,

      Defendants.

No. 2:18-CV-00811-MJP

STIPULATION AND ORDER REGARDING CONSTITUTIONALITY OF SJCC 18.40.400(C) (1998)

NOTE FOR MOTION:
JUNE 19, 2018

**I.    STIPULATION**

Plaintiff Nicholas Power and Defendants San Juan County and Milene Henley (collectively "the parties") STIPULATE and AGREE as follows:

1.    Plaintiff filed to run as a candidate for the office of San Juan County Prosecuting Attorney on May 18, 2018.

2.    On the day Mr. Power became a candidate for prosecutor, San Juan County Code ("SJCC") Section 18.40.400(C) (1998) provided: "Political signs shall be permitted outright; provided, that they shall not be erected 45 days prior to an election and shall be removed by the

candidate or landowner no more than 72 hours following an election terminating candidacy. Political signs shall not exceed six square feet in area."

3. On May 21, 2018, Plaintiff appeared before the San Juan County Superior Court, which entered a temporary restraining order prohibiting the enforcement of the temporal aspects of former SJCC 18.40.400(C) (1998). (ECF No. 2-5 at 3). The County did not oppose the Motion for a Preliminary Injunction, and a Preliminary Injunction was issued on June 1, 2018 and that injunction is in full force and effect. (ECF No. 2-14 at 3).

4. On June 12, 2018, the San Juan County Council adopted Ordinance No. 14-2018, Ordinance Adopting Interim Official Controls Regarding Political Signs, which amended SJCC 18.40.400(C) (1998) to remove all temporal aspects of the code for a period of six months (the maximum duration allowable for interim office controls under RCW 36.70A.390 and RCW 36.70.795) and set the matter for public hearing before a joint meeting between the San Juan County Council and the San Juan County Planning Commission scheduled for July 20, 2018. A copy of Ordinance No. 14-2018 is attached hereto as Exhibit A.

5. San Juan County acknowledges that he temporal restriction in former SJCC 18.40.400(C) (1998) is unconstitutional under *Collier v. City of Tacoma*, 121 Wn.2d 737, 760, 854 P.2d 1046 (1993); *see also*, *Reed v. Town of Gilbert, Ariz.*, 135 S.Ct. 2218, 2225, 2232 (2015); *City of Ladue v. Gilleo*, 512 U.S. 43, 58, 114 S. Ct. 2038 (1994).

6. The parties agree that in light of the above-cited precedent, the temporal restriction in former SJCC 18.40.400(C) (1998) is unconstitutional.

7. Defendants removed this case to United States District Court on June 4, 2018. The parties agree that this stipulation will narrow the disputed issues in controversy in this litigation.

8. Plaintiff intends to move for a Temporary Restraining Order under Rule 65 regarding certain remaining issues in the case, which Defendants intend to oppose. The parties have agreed to a briefing schedule as follows:

a. Plaintiff to file his opening brief on or before June 22, 2018.

b. Defendants to file their Response Brief on or before Jun 27, 2018.

c. Plaintiff to file any Reply brief on or before June 29, 2018.

DATED this 19th day of June, 2018.

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

By: *s/Michael T. Kitson*
    Michael T. Kitson, WSBA #41681
    Attorney for Defendants San Juan County and
    Milene Henley

BRESKIN JOHNSON & TOWNSEND, PLLC

By: *s/Roger M. Townsend (via email approval 6/19/18)*
    Roger M. Townsend, WSBA #25525
    Attorneys for Plaintiff Nicholas Power

STIPULATION AND ORDER REGARDING
CONSTITUTIONALITY OF SJCC 18.40.400(C) (1998)
- 3

## II. ORDER

THIS MATTER having come before the Court on the parties' stipulation regarding the constitutionality of former SJCC 18.40.400(C) (1998), the Court, having reviewed the foregoing stipulation and having been otherwise fully informed herein, hereby takes judicial notice that the parties have stipulated that the temporal restriction on political signage in former SJCC 18.40.400(C) (1998) unconstitutional.

Plaintiff has advised that he intends to move for a Temporary Restraining Order under Rule 65 regarding certain remaining issues in the case which Defendants intend to oppose. The briefing schedule for the TRO motion shall be as follows:

a. Plaintiff to file his opening brief on or before June 22, 2018.

b. Defendants to file their Response Brief on or before Jun 27, 2018.

c. Plaintiff to file any Reply brief on or before June 29, 2018.

Dated this 20th day of June, 2018.

Marsha J. Pechman
United States District Judge