1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICHOLAS POWER, | CASE NO. C18-811-MJP |
| Plaintiff, | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| SAN JUAN COUNTY, et al., | |
| Defendants. | |

THIS MATTER comes before the Court on Plaintiff's Motion for a Temporary Restraining Order. (Dkt. No. 11.) Having reviewed the Motion, the Response (Dkt. No. 13), the Reply (Dkt. No. 15) and all related papers, the Court DENIES the Motion. The Court declines to hear oral argument on the matter.

**Background**

Plaintiff Nicholas Power brings this suit against Defendants San Juan County (the "County") and San Juan County Auditor Milene Henley. Plaintiff is a candidate for San Juan County Prosecuting Attorney and is the sole challenger to incumbent Randal Gaylord. (Dkt. No.

11 at 2-3.) Plaintiff seeks to publicize his candidacy by erecting campaign signs throughout the county, and challenges the constitutionality of a statement published by Auditor Henley suggesting that residents "limit the amount of time political signs are displayed" before an election, and "politely remove them as soon as possible after an election is over." (Id. at 3-5; see also Dkt. No. 12, Ex. A.) The primary election is set to take place on August 6, 2018 and the general election on November 6, 2018. (Dkt. No. 11 at 2.)

Until recently, San Juan County Code ("SJCC) 18.40.400(c) limited the duration for which political signs may be posted before and after an election, and provided:

> Political signs shall be permitted outright; provided, that they shall not be erected more than 45 days prior to an election and shall be removed by the candidate or landowner no more than 72 hours following an election terminating candidacy. Political signs shall not exceed six square feet in area.

Plaintiff filed suit in San Juan County Superior Court challenging the constitutionality of SJCC 18.40.400(c)'s temporal restrictions. (Dkt. No. 1, Ex. 1.) The Superior Court entered a TRO preventing enforcement of the temporal restrictions on May 21, 2018, and entered a preliminary injunction on June 1, 2018. (Dkt. No. 2, Ex. 14.)

On May 30, 2018, Auditor Henley published an editorial on the County's website titled "It's political sign season!" The editorial provides:

> It's election time, and with that comes the annual crop of political signs, popping up like pesky dandelions across the countryside. We've been fortunate in San Juan County. A well-meaning ordinance – now de-toothed by a recent court action – combined with strong local sentiment has kept our sign infection to a minimum. . . .
>
> As an administrator of elections, I like yard signs because they remind people there's an election coming up. Not so much in some mainland locations, where signs go up eighteen months before an election. But San Juan County's law – given recent events, let's just call it a "guideline" – because it limits the duration of the signage, effectively alerts people that it's almost time to vote.

> Of course, the reason courts have struck down San Juan County's, as well as other, political signage laws is that limiting signage infringes on free speech. Like babies and apple pie, free speech is something you don't mess with.
>
> San Juan County's political sign ordinance has never been enforced. Still, it has become a time-honored local tradition to limit the amount of time political signs are displayed, and to politely remove them as soon as possible after an election is over.

(Dkt. No. 12, Ex. A.)

The County does not dispute that the temporal aspects of former SJCC 18.40.400(C) violated the First Amendment, and has stipulated to its unconstitutionality. (See Dkt. No. 10.) On June 12, 2018, the San Juan County Council adopted interim Ordinance No. 14-2008, which amends SJCC 18.40.400(C) to remove all temporal limitations. (Dkt. No. 13 at 4.) Ordinance No. 14-2008 will remain in place through the general election. (Id.)

**Discussion**

Plaintiff claims that Auditor Henley's editorial suppresses protected political speech "by advocating for, or stating the existence of, an unconstitutional guideline" and "has resulted in confusion amongst the public as to what is legally permissible." (Dkt. No. 11 at 10, 14.) Plaintiff seeks a TRO ordering Defendants to (1) refrain from "implying or otherwise communicating that the temporal aspects of former SJCC 180.40.500(C) is an official guideline or policy" of the County or its Auditor's Office; (2) refrain from "publishing or continuing to publish, state, advise, or imply that the time limits embodie[d] in former SJCC 18.40.400(C) are effective, or that the County has any guideline or 'official position' as to the temporal duration that political signs may be erected"; and (3) "remove Auditor Henley's statement from its County website, effective immediately." (Dkt. No. 11 at 15.)

1  **I.    Legal Standard**

2       A TRO is an "extraordinary remedy never awarded as of right." Winter v. Natural Res.

3  Def. Council, Inc., 555 U.S. 7, 24 (2008).  To obtain a TRO, Plaintiff must show: (1) a strong

4  likelihood of success on the merits, (2) a likelihood that he will suffer irreparable harm in the

5  absence of preliminary relief, (3) that the balance of equities is in his favor, and (4) that the

6  requested relief is in the public interest.  Id. at 20.  Likelihood of success on the merits is the

7  "most important" factor, and "if a movant fails to meet this 'threshold inquiry,' the court need

8  not consider the other factors.  Disney Enterprises, Inc. v. VidAngel, Inc., 869 F.3d 848,856 (9th

9  Cir. 2017) (quoting Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015).)

10 **II.   Likelihood of Success on the Merits**

11      To succeed on his First Amendment retaliation claim, Plaintiff must establish that (1) he

12 engaged in constitutionally protected activity; (2) Defendants' actions would "chill a person of

13 ordinary firmness" from continuing to engage in the protected activity; and (3) the protected

14 activity was a substantial motivating factor in the defendant's conduct—i.e., that there was a

15 nexus between the defendant's actions and an intent to chill speech." Arizona Students' Ass'n v.

16 Arizona Board of Regents, 824 F.3d 858, 869 (9th Cir. 2016).

17      The Court finds that Plaintiff has failed to establish a likelihood of success on the merits.

18 First, while Plaintiff claims that Auditor Henley's editorial reflects "the County's value

19 judgments regarding good and bad political speech" and "has resulted in confusion amongst the

20 public as to what is legally permissible" (Dkt. No. 11 at 13-14), he has failed to explain how the

21 editorial suppresses or chills protected speech.  Auditor Henley's editorial specifically states that

22 the temporal limitations in former SJCC 180.40.500(C) were never enforced, and that "the

23 reason courts have struck down San Juan County's, as well as other, political signage laws is that

24

limiting signage infringes on free speech." (Dkt. No. 12, Ex. A.) The mere suggestion that residents "limit the amount of time political signs are displayed" before an election and "politely remove them as soon as possible after an election is over" would not "chill a person of ordinary firmness" from posting political signs or engaging in political speech.

Second, Plaintiff has not demonstrated that Auditor Henley's editorial was motivated by any protected activity in which he engaged. While Plaintiff contends that the editorial was published "just days after the Superior Court entered a TRO in this matter and expressed that Plaintiff was likely to prevail on the merits of [his] claim" (Dkt. No. 11 at 13), such "temporal proximity," without more, does not support his claim. Auditor Henley's editorial was directed at the Superior Court's ruling finding SJCC 180.40.500(C) unconstitutional, and does not mention Plaintiff, his political signs, or his candidacy for office. The fact that a government official tasked with "administering and overseeing elections" comments publicly on a judicial decision concerning elections is hardly remarkable.

Having found that Plaintiff is not likely to succeed on his claim, the Court declines to reach the remaining factors, which it finds similarly have not been satisfied. The Court also declines to consider whether Auditor Henley's editorial is, as Defendants urge, protected speech under the First Amendment.

**Conclusion**

Because Plaintiff has demonstrated neither that Auditor Henley's editorial suppresses protected speech nor that it was motivated by any protected speech in which he engaged, the Court DENIES Plaintiff's Motion for a TRO.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 6, 2018.

Marsha J. Pechman
United States District Judge